UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
ROBERT WHITE,

                Plaintiff,

   -against-

THE CITY OF NEW YORK,
JOHN DOES 1-2,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

Plaintiff Robert White, by his attorneys, Lumer & Neville, as and for his Complaint, hereby alleges as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

1. At all times hereinafter mentioned, plaintiff Robert White was a resident of Kings County, within the State of New York.

2. At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

3. At all times hereinafter mentioned, defendants John Does 1 and 2 were members of the NYPD whose identities are not presently known to plaintiff, and who were employed, retained, trained, and supervised by New York City. The Doe defendants

1

are sued herein in their official and individual capacities.

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

5. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where plaintiff and defendant City of New York reside, and where the majority of actions complained of herein occurred.

## RELEVANT FACTS

6. At all relevant times herein, Robert White resided in Apartment D1 located at 1470 Sterling Place, Kings County, New York.

7. On October 4, 2013, at approximately 1:30 a.m., plaintiff was lawfully present inside his apartment and was not engaged in any criminal activity.

8. At this time plaintiff observed a light being shone into the premises through a window.

9. Plaintiff then saw two uniformed police officers, who were outside the premises, who were responsible for shining the light into the premises.

10. Plaintiff conversed with the police officers.

11. The plaintiff then walked out of the premises with the intention of going to a local area store.

12. After plaintiff came out of the premises, one of the two Doe defendants, whose name may be Avila, pulled his gun from its holster, and approached

plaintiff.

13. Defendant Avila then pushed plaintiff against a wall and grabbed plaintiff's wrist.

14. The defendants tripped plaintiff and threw plaintiff to the ground.

15. Defendants repeatedly struck and assaulted plaintiff.

16. At no time was there any basis to arrest plaintiff, nor would it have been reasonable to believe that such cause existed.

17. At no time did any of the defendants, or any other member of the NYPD, take any steps to intervene in, prevent, or otherwise limit the illegal, unlawful and unconstitutional conduct engaged in by their fellow officers against the plaintiff.

18. At no time was it objectively reasonable to use any level of force against plaintiff, much less the force actually used, nor would it have been reasonable to believe that any force was reasonable or necessary.

19. Plaintiff was held in a NYPD station house, and then transported, in custody, to central booking, where he was held until he appeared for arraignment before a Kings County Criminal Court Judge.

20. The plaintiff's charges were adjourned in contemplation of dismissal ("ACD") on the day of plaintiff's arraignment.

21. The defendants' illegal, unlawful, and unconstitutional actions against the plaintiff in this matter were carried out in accordance with an existing plan or policy created or otherwise condoned by the municipal defendant designed to increase the number

of arrests made without regard to probable cause.

22. More precisely, under the above-mentioned plan or policy, New York City Police Officers routinely arrest persons regardless of whether there is any factual basis for the charges. The arresting officer(s) then make false statements of fact to justify the arrests.

23. The purpose of this plan or policy is to generate large numbers of arrests to help the NYPD create a false impression of positive activity by their officers.

24. In addition, the plaintiff herein alleges that members of the New York City Police Department are evaluated, at least in part, on the basis of their "activity," which is measured by the number of arrests made, and other, similar, criteria.

25. Thus, members of the NYPD routinely make arrests and engage in other police conduct without sufficient legal cause in order to raise their levels of "activity," and improve the perception of their job performance.

26. The above-mentioned plan or policy has been kept in effect from, at least, 2006 through, at least, the date of plaintiffs' arrests, despite the municipal defendant's knowledge that numerous individuals arrested were not being charged, or that there was insufficient evidence to justify said arrests.

27. Additionally, arresting officers were seeking to bolster the arrests with false allegations, and that the prosecuting offices often had found insufficient cause to justify the imposition of charges, or continued prosecution if charges were filed.

28. That at all times relevant herein, the defendants were acting within the

scope of their employment, and their acts were done in furtherance of the City of New York's interests, and without legal justification or excuse.

## FIRST CAUSE OF ACTION

29. Plaintiff repeats the preceding allegations above as though stated fully herein.

30. Defendants willfully and intentionally seized, searched, detained and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

31. Defendants willfully and intentionally employed force against plaintiff by striking and assaulting him, without any objectively reasonable basis to do so.

32. By so doing, the individual defendants, individually and collectively, subjected the plaintiff to false arrest and imprisonment, unlawful searches of his person and property, and excessive force, and thereby violated and aided and abetted in the violation of plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution.

33. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer physical and emotional injuries, mental anguish, incarceration and the deprivation of liberty, resulting in the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

34. Plaintiff repeats the preceding allegations above as though stated fully herein.

35. The defendants' actions in this matter were carried out in accordance with an existing plan or policy created or otherwise condoned by the municipal defendant designed to increase the number of arrests made without regard to probable cause.

36. As the municipal defendant has instituted and maintained a policy of setting activity goals that function as quotas, it is responsible for the inevitable arrests made without probable cause by officers who are obligated to reach said goals.

37. The purpose of this policy or plan was to generate large numbers of arrests to help the NYPD create a false impression of positive activity by their officers.

38. In addition, members of the NYPD are evaluated, at least in part, on the basis of their "activity" which is measured, in relevant part with respect to patrol officers, by the number of arrests made and criminal summonses issued, and other, similar criteria. Thus, members of the NYPD routinely make arrests and engage in other police activity without sufficient legal cause in order to raise their levels of "activity" and improve the perception of their job performance.

39. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

## DEMAND FOR A JURY TRIAL

40. Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

  i. on the first cause of action, actual and punitive damages in an amount to be determined at trial;

  ii. on the second cause of action, actual damages in an amount to be determined at trial;

  iii. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

  iv. such other relief as the Court may deem just and proper.

Dated: New York, New York
       January 20, 2015

>LUMER & NEVILLE
>Attorneys for Plaintiffs
>225 Broadway, Suite 2700
>New York, New York 10007
>(212) 566-5060
>
>By: /s/
>_____
>James C. Neville (JN-2128)